BORNEMANN and wife, Appellants, v. CITY OF NEW BERLIN, Respondent.

*February 4—March 2, 1965.*

104

105

For the appellants there were briefs and oral argument by *Paul E. Bornemann* of Milwaukee.

For the respondent there was a brief and oral argument by *Clayton A. Cramer* of Waukesha.

HEFFERNAN, J.   This appeal presents these issues:

(1)  Did the trial court abuse its discretion in granting an extension of time to the city in which to answer the complaint?

(2)  Did the city's answer meet the requirements of sec. 263.13, Stats.?

(3)  Was it prejudicial error for the trial court to grant the city's motion for summary judgment when such notice of motion was given more than forty days after the joinder of issue and no extension of time had been granted within which to make this motion?

(4)  Which of the two statutes of limitations, sec. 66.60 (12) (a) and (e) or sec. 330.24, Stats., is applicable to plaintiffs' cause of action?

(5)  Can plaintiffs question the taxation of costs on this appeal?

*Extension of Time to Answer.*

The time for answering the complaint expired May 10th. On May 20th, only ten days later, the order to show cause

for extension of time to answer was served. In passing on the question of whether a court abuses its discretion in granting an enlargement of time under sec. 269.45, Stats., prompt action by a defaulting party to remedy the situation caused by his neglect is a material factor to be considered in determining whether such neglect is "excusable" within the meaning of sec. 269.45. *Cruis Along Boats, Inc., v. Standard Steel Products Mfg. Co.* (1964), 22 Wis. (2d) 403, 410, 126 N. W. (2d) 85, and cases therein cited. See also *Daugherty v. Herte* (1946), 249 Wis. 543, 549, 550, 25 N. W. (2d) 437. An enlargement of time granted by a trial court pursuant to sec. 269.45, Stats., is highly discretionary. *Valentine v. Patrick Warren Construction Co.* (1953), 263 Wis. 143, 170, 56 N. W. (2d) 860. Rarely will this court interfere with such exercise of discretion. We find no abuse of discretion in the instant case.

*Sufficiency of Answer.*

Plaintiffs contend that, when the trial court passed on the motions for summary judgment, there was no defense pleaded to the cause of action set forth in plaintiffs' complaint because the city's answer was a nullity. This contention is grounded on the premise that the answer was merely a general denial, and, therefore, did not comply with sec. 263.13, Stats., which provides in part as follows:

"The answer of the defendant must contain:
"(1) A specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief."

A summary of the answer is as follows: It specifically admits the allegations contained in the first five paragraphs of the complaint; it admits one of the allegations of paragraph 6, denies the remaining allegations of this paragraph, and alleges that the rules and regulations governing the assessment

were established by the common council of the city in the manner provided by law; it admits the allegations of paragraph 7; as to the allegations contained in paragraph 8, it denies that the assessment against plaintiffs' property was arbitrary, capricious, and contrary to the rules of the common council and state statutes, and alleges the assessment was made in the manner provided by law; it admits the allegations of paragraph 9, and denies each and every allegation of paragraph 10; it denies each and every allegation of paragraph 11; it admits certain of the allegations of paragraph 12 and denies the others; alleges plaintiffs made a voluntary payment of the $4,180.50 special assessment, and their cause of action is barred by sec. 66.60 (12) (a) and (e), Stats., because they failed to pursue the remedy provided by sec. 66.60 (12) (a), (b), (d), (e), and (f).

We find no merit whatever to plaintiffs' assertion that this answer constituted a general denial. While the admissions were surplusage the denials were specific enough to meet the requirements of sec. 263.13, Stats. Furthermore, the answer contained the proper pleading of an affirmative defense, i.e., a statute of limitations.

*Granting of City's Motion for*
*Summary Judgment.*

While plaintiffs moved for summary judgment within forty days after the joinder of issue, the city's notice of motion for summary judgment was served after the expiration of such forty-day period. The city made no application for enlargement of time in which to serve such notice of motion. Sec. 270.635 (1), Stats., in part provides, "Notice of motion for summary judgment and the papers in support thereof shall be served within 40 days after issue is joined, subject to enlargement of time as provided in s. 269.45."

This forty-day requirement was written into the statute by a court rule promulgated by this court in March, 1961, effective June 1, 1961. See 11 Wis. (2d) vi. The objective of this requirement was to prevent the employment of a motion for summary judgment for the purposes of delay and harassment. Clearly the city's motion in this instance made only after plaintiffs had moved for summary judgment, and to be heard at the same time as plaintiffs' motion, did not cause any delay. In fact, it expedited the disposition of the case.

While sub. (3) of sec. 270.635, Stats., contains an express authorization for entry of summary judgment for plaintiff upon defendant's moving for summary judgment even though plaintiff has not moved for such judgment, the converse is not expressly provided. However, we deem the trial court has inherent power to grant judgment for defendant under the fact situation in this case regardless of whether or not defendant's motion for summary judgment was timely made. Cf. *Costello v. Polenska* (1943), 242 Wis. 204, 210, 7 N. W. (2d) 593, 8 N. W. (2d) 307. Furthermore, plaintiffs do not point out any reason why they were prejudiced by the court's granting summary judgment for the city instead of proceeding to trial. They do not contend that they would be in any better position at trial to meet the city's statute-of-limitations defense than they were at the hearing on the motions for summary judgment. In order to predicate a reversal on error, the error must be prejudicial. Sec. 274.37.

*Applicable Statute of Limitations.*

The trial court grounded its summary judgment in behalf of the city on sec. 66.60 (12) (a) and (e), Stats. These statutes provide in part as follows:

"(a) If any person having an interest in any parcel of land affected by any determination of the governing body,

pursuant to subs. (8) (c), (10) or (11), feels himself aggrieved thereby he may, within 40 days after the date of the notice or of the publication of the final resolution pursuant to sub. (8) (d)., appeal therefrom to the circuit court of the county in which such property is situated. . .. .

"(e) An appeal under this subsection shall be the sole remedy of any person aggrieved by a determination of the governing body, . . . The limitation provided for in par. (a) shall not apply to appeals based upon fraud or upon latent defects in the construction of the improvement discovered after such period."

Bornemann attached to his affidavit in support of plaintiffs' motion for summary judgment a photostatic copy of the notice of special assessment he received from the city treasurer. This notice stated that the $4,180.50 special assessment had been made pursuant to a resolution of the common council adopted April 15, 1963. While the notice is undated, Bornemann's affidavit states it was received on July 24 or 25, 1963. There is no issue of fraud or latent defect in the improvement. While par. (e) of sec. 66.60 (12), Stats., states that the appeal provided for in par. (a) of this statute is the property owner's exclusive remedy for attacking the assessment, plaintiffs contend that sec. 330.24 is the controlling statute of limitations. This latter statute provides:

"Every action or proceeding to avoid any special assessment, or taxes levied pursuant to the same, or to restrain the levy of such taxes or the sale of lands for the nonpayment of such taxes, shall be brought within 9 months from the notice thereof, and not thereafter. This limitation shall cure all defects in the proceedings, and defects of power on the part of the officers making the assessment, except in cases where the lands are not liable to the assessment, or the city has no power to make any such assessment, *or the amount of the assessment has been paid or a redemption made.*" (Italics supplied.)

There is an apparent conflict between secs. 66.60 (12) (a) and (e), and 330.24, Stats. However, sec. 66.60 (12) (a) and (e) is limited to special assessments made by cities and villages pursuant to sec. 66.60 (1) (a), while sec. 330.24 is applicable to all special assessments. One of the well-recognized canons of statutory construction is that, in event of a conflict between a general and a specific statute, the latter controls. *Wauwatosa v. Grunewald* (1962), 18 Wis. (2d) 83, 87, 118 N. W. (2d) 128; *Estate of Miller* (1952), 261 Wis. 534, 536, 53 N. W. (2d) 172. The trial court, therefore, properly held that sec. 66.60 (12) (a) and (e) was the controlling statute and that plaintiffs' alleged cause of action was barred thereby.

*Review of Taxation of Costs.*

Sec. 271.10 (4), Stats., provides in part as follows:

"The clerk shall note on the bill all items disallowed, and all items allowed, which have been objected to; and his action may be reviewed by the court on motion of the party aggrieved made and served within ten days after taxation, which review shall be founded on the bill of costs and the objections and proof on file in respect thereto."

While plaintiffs, prior to the taxation of costs, filed written objections to certain items of disbursements specified in the notice to tax costs, they did not move for any review of the costs as taxed by the clerk within the ten-day period allotted by sec. 271.10 (4), Stats. Not having so moved they are barred from raising any issue on this appeal with respect to the costs taxed.

*By the Court.*—Judgment affirmed.