# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP829 |
| COMPLETE TITLE: | Ronald E. Belding, Jr. and Antoinette Belding, |

                        Plaintiffs-Appellants,
                   v.
          Deeanna L. Demoulin,
                        Defendant,
          State Farm Mutual Automobile Insurance Company,
                        Defendant-Respondent-Petitioner.

---

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 346 Wis. 2d 160, 828 N.W.2d 890
(Ct. App. 2013 – Published)
PDC No: 2013 WI App 26

---

| | |
|---|---|
| OPINION FILED: | February 7, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | October 23, 2013 |

---

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Kenosha |
| JUDGE: | Rebecca Matoska-Mentink |

---

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

---

ATTORNEYS:

   For the defendant-respondent-petitioner, there were briefs by *Claude J. Covelli* and *Boardman & Clark LLP, Madison*, and oral argument by *Claude J. Covelli*.

   For the plaintiff-appellants, there was a brief by *Gregory A. Pitts* and *Schoone, Leuck, Kelley, Pitts & Knurr, S.C.,* Racine, and oral argument by *Gregory A. Pitts*.

   An amicus curiae brief was filed by *Jesse B. Blocher*, and *Habush, Habush & Rottier S.C.,* Waukesha, and *Kevin Lonergan* and

*Herrling Clark Law Firm, Ltd.*, Appleton, on behalf of Wisconsin Association for Justice, with oral argument by *Kevin Lonergan*.

An amicus curiae brief was filed by *James A. Friedman*, *Katherine Stadler*, and *Godfrey & Kahn, S.C.*, Madison, on behalf of Wisconsin Insurance Alliance and the Property Casualty Insurers Association of America.

**2014 WI 8**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP829
(L.C. No. 2011CV311)

STATE OF WISCONSIN        :       IN SUPREME COURT

**Ronald E. Belding, Jr. and Antoinette Belding,**

    **Plaintiffs-Appellants,**

  **v.**

**Deeanna L. Demoulin,**

    **Defendant,**

**State Farm Mutual Automobile Insurance Company,**

    **Defendant-Respondent-Petitioner**

**FILED**

**FEB 7 2014**

Diane M. Fremgen
Clerk of Supreme Court

---

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 ANN WALSH BRADLEY, J.   Petitioner, State Farm Mutual Automobile Insurance Company (State Farm), seeks review of a published court of appeals decision that reversed a summary judgment that had been granted in State Farm's favor.[1] Although the circuit court agreed with State Farm that the drive-other-car exclusion precluded coverage, the court of appeals

---

[1] Belding v. Demoulin, 2013 WI App 26, 346 Wis. 2d 160, 828 N.W.2d 890 (reversing judgment of the circuit court for Kenosha County, S. Michael Wilk, J. presiding).

determined that Wis. Stat. § 632.32(6)(d) (2009-10),[2] which prohibited anti-stacking[3] clauses, barred the drive-other-car exclusion State Farm sought to apply.

¶2   State Farm argues that the drive-other-car exclusion is enforceable because it is specifically authorized by Wis. Stat. § 632.32(5)(j). Contending that Wis. Stat. § 632.32(5)(j) is clear on its face, State Farm asserts that the court of appeals erroneously interpreted the statute.

¶3   The error in State Farm's argument is that it focuses on subsection (5)(j) in isolation, ignoring the rest of Wis. Stat. § 632.32. Instead, we review the drive-other-car exclusion permitted by Wis. Stat. § 632.32(5)(j) in context. We apply the test set forth in Wis. Stat. § 632.32(5)(e) that harmonizes the exclusion with the prohibition on anti-stacking clauses in Wis. Stat. § 632.32(6)(d). This legislative test allows policies to contain coverage exclusions if they are not prohibited by Wis. Stat. § 632.32(6) or other law.

---

[2]   All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated. We note that the current version of Wis. Stat. § 632.32(d) differs from the version at issue in this case. After being in effect for two years, subsection (d) of Wis. Stat. § 632.32(6) was repealed in 2011. Accordingly, the interpretation of that subsection in this opinion is of limited application.

[3] Stacking refers to a policyholder's ability to recover under multiple policies for the same loss when coverage under a single policy would be inadequate. Lee R. Russ & Thomas F. Segalla, 12 Couch on Insurance § 169:4 (3d ed. 1998); see also Bartholomew v. Wis. Patients Comp. Fund, 2006 WI 91, ¶117, 293 Wis. 2d 38, 717 N.W.2d 216.

¶4 Applying this legislative test, we conclude that pursuant to the prohibition on anti-stacking clauses in Wis. Stat. § 632.32(6)(d), State Farm cannot use the drive-other-car exclusion in the Beldings' policy to prevent them from stacking the uninsured motorist coverage of up to three vehicles owned and insured by them. This conclusion is supported by both our precedent and legislative history. Additionally, we are guided by well-established canons of statutory construction.

¶5 Accordingly, we affirm the court of appeals.

I

¶6 The relevant facts of this case are not in dispute. On January 13, 2010, Deeanna Demoulin (Demoulin) disobeyed a red traffic light and crashed into the Ford Ranger pickup truck that Ronald Belding, Jr., (Belding) was driving. Belding sustained multiple injuries in the accident. He alleged he incurred medical expenses, lost wages, and lost earning capacity due to his injuries. His wife alleged that she suffered a loss of society and companionship, and shared in the pecuniary losses caused by Belding's injuries.

¶7 The Beldings had two separate policies with State Farm for which they paid separate premiums and had separate uninsured and underinsured motorist coverage. Because Demoulin was uninsured, the Beldings sought to collect their damages from State Farm, which provided uninsured motorist coverage for their

Ford Ranger and their other vehicle, a Mercury Villager.[4] After State Farm paid the Beldings $100,000, which was the maximum permitted under the Ford Ranger policy, the Beldings sought to collect their excess damages through the uninsured motorist coverage in their Mercury Villager policy.

¶8 The Mercury Villager policy contains a clause referred to as the "drive-other-car" exclusion. Intended to address the problem of free riders, drive-other-car exclusions keep an insured from using insurance coverage of one car to provide coverage on another vehicle the insured owns but has not insured. See Arnold P. Anderson, 1 Wisconsin Insurance Law, § 3.72 (6th ed. 2010); Agnew v. American Family Mut. Ins. Co., 150 Wis. 2d 341, 350, 441 N.W.2d 222 (1989).

¶9 The drive-other-car provision in the Mercury Villager policy provides that:

> THERE IS NO COVERAGE:
>
> 2. FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* RESULTING FROM THE USE OF A MOTOR VEHICLE *OWNED BY YOU* OR ANY *RESIDENT RELATIVE* IF IT IS NOT *YOUR CAR*, A *NEWLY ACQUIRED CAR*, OR A *TEMPORARY SUBSTITUTE CAR*. . . .

(Emphasis in original). The policy defines "your car" as "the vehicle shown under 'YOUR CAR' on the Declarations Page." The Declarations Page for the Mercury Villager policy lists only the Mercury Villager. Because Mr. Belding was not driving the Mercury Villager when the accident occurred, State Farm

---

[4] The Beldings also had a third policy covering their Toyota Corolla. It is undisputed that the Corolla policy is inapplicable to the damages sought in this case.

4

determined that the drive-other-car exclusion in the Mercury Villager policy applied to bar his claim and precluded coverage.

¶10 Thereafter, the Beldings filed suit in the circuit court against Demoulin and State Farm. They sought to collect from State Farm compensatory damages in excess of the amounts previously paid under the Ford Ranger policy. State Farm filed a motion for summary judgment. It argued that the drive-other-car exclusion, which was permitted by Wis. Stat. § 632.32(5)(j), operated to exclude coverage under the Mercury Villager policy. In response, the Beldings asserted that the drive-other-car exclusion was not applicable because Wis. Stat. § 632.32(6)(d) prohibited anti-stacking clauses from applying to uninsured motorist coverage. The circuit court determined that the drive-other-car exclusion permitted by Wis. Stat. § 632.32(5)(j) was controlling and granted State Farm's motion.

¶11 The court of appeals reversed. Belding v. Demoulin, 2013 WI App 26, 346 Wis. 2d 160, 828 N.W.2d 890. Central to its analysis was an examination of Wis. Stat. § 632.32(5)(e),[5] which harmonizes the drive-other-car exclusion with the prohibition of anti-stacking clauses. Accordingly, it applied that statute's two-step test to determine the applicability of the drive-other-car exclusion in the Mercury Villager policy. Id., ¶¶15, 16.

¶12 The first step looks at whether the exclusion is prohibited by subsection (6), and the second step looks at

---

[5] Wisconsin Stat. § 632.32(5)(e) provides: "A policy may provide for exclusions not prohibited by sub. (6) or other applicable law."

5

whether the exclusion is prohibited by any other law. Id., ¶15. The court determined that the drive-other-car exclusion failed this test because it ran afoul of the anti-stacking prohibition in Wis. Stat. § 632.32(6)(d). Accordingly, it reversed the circuit court's grant of summary judgment and remanded the case.

II

¶13 In this case we are asked to review the circuit court's grant of summary judgment. We review grants of summary judgment independently, applying the same methodology employed by the circuit court. Park Bank v. Westburg, 2013 WI 57, ¶36, 348 Wis. 2d 409, 832 N.W.2d 539. Summary judgment is appropriate if "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." Wis. Stat. § 802.08(2).

¶14 Here, there are no disputed facts. The dispute is over whether an automobile insurance policy could prohibit stacking the coverage limits for uninsured motorist coverage during the time period when both Wis. Stat. § 632.32(5)(j) (permitting drive-other-car exclusions) and Wis. Stat. § 632.32(6)(d) (prohibiting anti-stacking clauses) were in effect. To answer this question we must interpret those statutes as they apply to the insurance policy at issue. Statutory interpretation and the interpretation of an insurance policy present questions of law that this court reviews independently of the determinations rendered by the circuit court and the court of appeals. Teschendorf v. State Farm Ins. Cos., 2006 WI 89, ¶9, 293 Wis. 2d 123, 717 N.W.2d 258.

¶15 Statutory interpretation always begins with examining the statutory language at issue. State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes." Id., ¶46.

¶16 When we are unable to discern the answer to our inquiry by an examination of the statutory language and its context, we can look to our prior case law. It may illumine how we have previously interpreted or applied the statutory language. See, e.g., State v. Robert K., 2005 WI 152, ¶30, 286 Wis. 2d 143, 706 N.W.2d 257. We also may turn to legislative history to ascertain the meaning of the statute. Kalal, 271 Wis. 2d 633, ¶51.

¶17 Our consideration of a statute's language and context is guided by well-established canons of statutory construction. Statutory provisions dealing with the same matter should be read in harmony such that each has force and effect. Statutory interpretations that render provisions meaningless should be avoided. See Madison Metro. Sch. Dist. v. Circuit Court, 2011 WI 72, ¶101, 336 Wis. 2d 95, 800 N.W.2d 442; see also State v. Kruse, 101 Wis. 2d 387, 395, 305 N.W.2d 85 (1981). In the event of "a conflict between a general and a specific statute, the latter controls." Emjay Inv. Co. v. Village of Germantown, 2011 WI 31, ¶38, 333 Wis. 2d 252, 797 N.W.2d 844 (quoting Bornemann

_v. City of New Berlin_, 27 Wis. 2d 102, 111, 133 N.W.2d 328 (1965).

III

¶18 To provide context for our discussion, we begin with a brief history of the legislation governing stacking provisions in insurance policies. Prior to 1995, Wisconsin courts disfavored limitations on stacking, including drive-other-car exclusions, and routinely struck them down. As summed up by _Blazekovic v. City of Milwaukee_, 2000 WI 41, ¶19, 234 Wis. 2d 587, 610 N.W.2d 467:

> [A] long line of cases held invalid uninsured motorist exclusions that served to prohibit the stacking of claims. Courts also invalidated exclusions that generally sought to limit uninsured motorist coverage. Cases invalidating the various "drive other car" exclusions relied on the broad purpose underlying uninsured motorist coverage and reasoned that such coverage is personal and portable "under all circumstances."

(Citations omitted).

¶19 The Legislature responded in 1995, by amending Wis. Stat. § 632.32 to include subsections (5)(f)-(5)(j),[6] which

---

[6] Those provisions provided:

> (f) A policy may provide that regardless of the number of policies involved, vehicles involved, persons covered, claims made, vehicles or premiums shown on the policy or premiums paid the limits for any coverage under the policy may not be added to the limits for similar coverage applying to other motor vehicles to determine the limit of insurance coverage available for bodily injury or death suffered by a person in any one accident.

8

(g) A policy may provide that the maximum amount of uninsured or underinsured motorist coverage available for bodily injury or death suffered by a person who was not using a motor vehicle at the time of an accident is the highest single limit of uninsured or underinsured motorist coverage, whichever is applicable, for any motor vehicle with respect to which the person is insured.

(h) A policy may provide that the maximum amount of medical payments coverage available for bodily injury or death suffered by a person who was not using a motor vehicle at the time of an accident is the highest single limit of medical payments coverage for any motor vehicle with respect to which the person is insured.

(i) A policy may provide that the limits under the policy for uninsured or underinsured motorist coverage for bodily injury or death resulting from any one accident shall be reduced by any of the following that apply:

1. Amounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury or death for which the payment is made.

2. Amounts paid or payable under any worker's compensation law.

3. Amounts paid or payable under any disability benefits laws.

(j) A policy may provide that any coverage under the policy does not apply to a loss resulting from the use of a motor vehicle that meets all of the following conditions:

1. Is owned by the named insured, or is owned by the named insured's spouse or a relative of the named insured if the spouse or relative resides in the same household as the named insured.

2. Is not described in the policy under which the claim is made.

9

relate to the stacking of motor vehicle coverage and drive-other-car exclusions. Relevant here are subsection (5)(f), which specifically permitted insurers to include anti-stacking clauses, and subsection (5)(j) which allowed drive-other-car exclusions. 1995 Wis. Act 21, §4.

¶20 The Legislature made additional amendments to Wis. Stat. § 632.32 in 2009. 2009 Wis. Act 28, §§ 3148-72. It renumbered (5)(f) as (6)(d) and changed its language from a grant of permission for anti-stacking clauses to a prohibition on such clauses. Wis. Stat. § 632.32(6)(d).

¶21 The Legislature also sought to repeal subsection (5)(j) in the 2009 bill, however, that portion of the bill was vetoed by Governor Doyle. He explained "I am vetoing this provision . . . because it may increase the costs of premiums, but I am retaining separate provisions . . . that allow the stacking of coverage limits for up to three vehicles owned by the insured." Governor's Veto Message to 2009 Wis. Act 28, July 6, 2009, at 39 (available at Legislative Reference Bureau, Madison, WI).

¶22 In 2011, the Legislature further amended Wis. Stat. § 632.32. This time it repealed Wis. Stat. § 632.32(6)(d) and reinserted subsection (5)(f), restoring insurers' ability to include anti-stacking clauses. 2011 Wis. Act 14, § 23.

---

3.     Is not covered under the terms of the policy as a newly acquired or replacement motor vehicle.

Wis. Stat. § 632.32(5) (1995-96).

10

¶23 This case arose during the time period when both Wis. Stat. § 632.32(5)(j) (permitting drive-other-car exclusions) and Wis. Stat. § 632.32(6)(d) (prohibiting anti-stacking clauses) were in place.

¶24 Our analysis begins with an examination of Wis. Stat. § 632.32, which governs motor vehicle insurance. The statutory scheme provides for insurance clauses that are mandatory, prohibited, and permissive. At issue here is the interplay between a prohibited insurance clause and a permissive insurance clause and how we are to resolve the conflict between the two.

¶25 On one hand we have subsection (6)(d) that prohibits anti-stacking clauses and on the other hand we have subsection (5)(j) that permits drive-other-car exclusions. Wisconsin Stat. § 632.32(6)(d)(2009-10) sets forth the prohibition as follows:

> No policy may provide that, regardless of the number of policies involved, vehicles involved, persons covered, claims made, vehicles or premiums shown on the policy, or premiums paid, the limits for any uninsured motorist coverage or underinsured motorist coverage under the policy may not be added to the limits for similar coverage applying to other motor vehicles to determine the limit of insurance coverage available for bodily injury or death suffered by a person in any one accident <u>except that a policy may limit the number of motor vehicles for which the limits for coverage may be added to 3 vehicles</u>.

(Emphasis supplied).

In contrast, Wis. Stat. § 632.32(5)(j)[7] provides a permissive exclusion:

---

[7] Subsection (5)(j) has remained the same since the 1995 amendments. Wis. Stat. § 632.32(5)(j) (2011-12).

11

A policy may provide that any coverage under the policy does not apply to a loss resulting from the use of a motor vehicle that meets all of the following conditions:

1. Is owned by the named insured, or is owned by the named insured's spouse or a relative of the named insured if the spouse or relative resides in the same household as the named insured.

2. Is not described in the policy under which the claim is made.

3. Is not covered under the terms of the policy as a newly acquired or replacement motor vehicle.

¶26 The language in subsection (6)(d) expressly prohibits insurers from using policy exclusions that would limit an insured's ability to add the uninsured or underinsured motorist coverage of up to three vehicles. On its face, this conflicts with the language in subsection (5)(j) which permits an insurer to use a policy exclusion that would limit an insured's ability to combine that coverage with another policy. See Welch v. State Farm Mutual Automobile Ins. Co., 122 Wis. 2d 172, 176, 361 N.W.2d 680 (1985) (concluding that a "'drive other car' exclusion serves to prohibit stacking of uninsured motorist benefits against the same insurer").

¶27 State Farm asserts that we need focus only on subsection (5)(j) that permits the drive-other-car exclusions and that such a focus should begin and end our inquiry. It maintains that there is no conflict because the drive-other-car exclusion is a specifically permitted insurance clause and that the application of such a permitted clause results in the exclusion of coverage here.

12

¶28 Yet, subsection (5)(j) does not exist in isolation from the wider embraces of the statutory scheme. It must be examined in context. Kalal, 271 Wis. 2d 633, ¶46. As noted above, this case involves a conflict between prohibited and permissible clauses. Our resolution of this conflict requires us to examine yet another subsection in the statutory scheme, (5)(e).

¶29 In 1979 the Legislature enacted subsection (5)(e), which sets forth a two-part test that governs how we are to resolve conflicts between prohibited and permissive insurance clauses. Our subsequent precedent has applied this two-part methodology. Wisconsin Stat. § 632.32(5)(e) states: "[a] policy may provide for exclusions not prohibited by sub. (6) or other applicable law." We have previously determined that this language lays out a test for interpreting exclusions from coverage, requiring us to: 1) consider whether the disputed exclusion is prohibited by subsection (6), and if not, 2) consider if it is prohibited by any other applicable law. Blazekovic, 234 Wis. 2d 587, ¶¶12-13; Clark v. American Family Mut. Ins. Co., 218 Wis. 2d 169, 174, 577 N.W.2d 790 (1998).

¶30 Application of this test is illustrated in Blazekovic, 234 Wis. 2d 587, ¶19. Similar to the situation here, that case involved a dispute over whether a drive-other-car exclusion was permissible. Citing the test in Wis. Stat. § 632.32(5)(e), we looked first to Wis. Stat. § 632.32(6) to see if the disputed exclusion fit the description of any of the enumerated provisions. Id., ¶¶12-13. Notably, at that time the anti-

13

stacking prohibition in subsection (6)(d) did not exist. Because the exclusion did not fall within any of the enumerated prohibitions in subsection (6), we then turned our focus to whether the exclusion was prohibited by any other applicable law. Id., ¶14. We determined that the insurance policy exclusion at issue conflicted with the statutory requirements of Wis. Stat. § 632.32(5)(j), and thus concluded that it was invalid. Id., ¶42.

¶31 State Farm asserts that the test in Wis. Stat. § 632.32(5)(e) is inapplicable to the exclusion at issue here. It argues that Blazekovic does not support the use of the test because the issue in that case was whether a drive-other-car exclusion met the requirements for drive-other-car exclusions in Wis. Stat. § 632.32(5)(j). It contends that the only reason that the Blazekovic court applied the test in subsection (5)(e) was because the exclusion at issue did not comply with Wis. Stat. § 632.32(5)(j).

¶32 This argument is unavailing. In Blazekovic we looked first at whether the exclusion was prohibited under Wis. Stat. § 632.32(6) before considering whether the requirements for drive-other-car exclusions in Wis. Stat. § 632.32(5)(j) applied. 234 Wis. 2d 587, ¶13. The methodology employed by the Blazekovic court undercuts State Farm's argument that the test in subsection (5)(e) applied only because the exclusion at issue was inconsistent with the requirements in subsection (5)(j).

¶33 State Farm additionally contends that because the drive-other-car exclusion here is expressly permitted by Wis.

14

Stat. § 632.32(5)(j), the exclusion does not need to be further authorized by Wis. Stat. § 632.32(5)(e). This argument ignores well established canons of statutory construction. Where possible, statutory provisions dealing with the same subject matter should be interpreted "in a manner that harmonizes them in order to give each full force and effect." Madison Metro. Sch. Dist., 336 Wis. 2d 95, ¶101 (quoting McDonough v. Dep't of Workforce Dev., 227 Wis. 2d 271, 279-80, 595 N.W.2d 686 (1999)). Further, "[a] construction of a statute rendering a portion of it meaningless must be avoided." Kruse, 101 Wis. 2d at 395.

¶34 Here, applying the drive-other-car exclusion as suggested by State Farm would render meaningless both subsections (6)(d) and (5)(e). In contrast, construing the prohibition on anti-stacking clauses in Wis. Stat. § 632.32(6)(d) as trumping the drive-other-car exclusion permitted by subsection (5)(j), gives meaning to all three subsections.

¶35 Such a construction would not render subsection (5)(j) meaningless because the drive-other-car exclusion that subsection permits would still function in other circumstances. Subsection (6)(d) is of limited application. It provides that no policy may prohibit stacking the uninsured or underinsured motorist coverage of up to three vehicles. Wis. Stat. § 632.32(6)(d). The exclusion permitted by subsection (5)(j) still has force in that it would continue to apply to prevent the stacking of coverage on more than three vehicles. Additionally, because the limitations on anti-stacking

15

provisions in subsection (6)(d) apply only to uninsured and underinsured motorist coverage, the drive-other-car exclusion permitted by subsection (5)(j) continues to apply to other types of coverage.

¶36 Importantly, construing the prohibition on anti-stacking clauses in subsection (6)(d) as trumping the drive-other-car exclusions permitted by subsection (5)(j), still allows subsection (5)(j) to function as it was intended. The drive-other-car exclusion was meant to address what has been referred to as the "free rider" problem.

> Wisconsin courts have long recognized that the purpose of the drive other cars exclusion is to provide coverage to the insured when he or she has infrequent or casual use of a vehicle other than the one described in the policy, but to exclude coverage of a vehicle that the insured owns or frequently uses for which no premium has been paid.

Westphal v. Farmers Ins. Exch., 2003 WI App 170, ¶11, 266 Wis. 2d 569, 669 N.W.2d 166 (citations omitted); see also Agnew v. American Family Mut. Ins. Co., 150 Wis. 2d 341, 350, 441 N.W.2d 222 (1989) ("the purpose of the drive-other-car provision is to prevent a policyholder from insuring all the cars in one household by taking out just one policy and paying only one premium").

¶37 Subsection (5)(j) can still operate to allow an exclusion that would prevent policyholders from using their uninsured or underinsured motorist coverage on one vehicle to provide coverage for another vehicle that the policyholders own but have not paid to insure. Accordingly, applying the

16

prohibition on anti-stacking clauses in subsection (6)(d) does not render subsection (5)(j) meaningless and still gives effect to the primary purpose of subsection (5)(j).

¶38 Further support for our interpretation can be found in the legislative history. As discussed above, when the Legislature amended Wis. Stat. § 632.32 in 2009, it did not merely remove the permission for anti-stacking clauses in subsection (5)(f). It also added anti-stacking clauses to the list of prohibited provisions under Wis. Stat. § 632.32(6), and the Governor retained this portion of the bill. The Legislature is presumed to have acted with the knowledge of this court's prior construction of (5)(e), prioritizing prohibitions over permissible clauses. See Lang v. Lang, 161 Wis. 2d 210, 227, 467 N.W.2d 772 (1991). It is appropriate to presume the Governor is also fully informed when making amendments to legislation. Accordingly, it appears that both the Legislature and Governor were aware of the conflict and intended for the prohibition on stacking clauses in Wis. Stat. § 632.32(6)(d) to supersede any conflicting, permissible clause in Wis. Stat. § 632.32(5).

¶39 Our interpretation is also consistent with another canon of statutory construction: "One of the well-recognized canons of statutory construction is that, in event of a conflict between a general and a specific statute, the latter controls." Emjay Inv. Co., 333 Wis. 2d 252, ¶387 (quoting Bornemann, 27 Wis. 2d at 111).

17

¶40 A comparison of the applications of subsections (6)(d) and (5)(j) reveals that subsection (6)(d) is more specific. The drive-other-car exclusion permitted by Wis. Stat. § 632.32(5)(j) applies to "any coverage." In contrast, the prohibition on anti-stacking provisions in Wis. Stat. § 632.32(6)(d) applies only to the uninsured and underinsured motorist coverage on up to three vehicles. Thus, subsection (6)(d) controls because it is the more specific provision.

IV

¶41 Having set forth the test for determining the validity of insurance policy exclusions, we turn to the facts of this case. Here, the Beldings had separate insurance policies for two vehicles, their Ford Ranger pickup truck and their Mercury Villager, and they paid two separate premiums. After an accident with an uninsured motorist, State Farm paid the maximum amount under the Ford Ranger's uninsured motorist coverage. The Beldings seek to apply the uninsured motorist coverage in their Mercury Villager policy to obtain compensation from State Farm for their damages in excess of the Ford Ranger policy's limit. They rely on the fact that anti-stacking clauses are prohibited by Wis. Stat. § 632.32(6)(d). State Farm wants to use the drive-other-car exclusion in the Mercury Villager policy to deny coverage. It relies on the fact that drive-other-car exclusions are permitted by Wis. Stat. § 632.32(5)(j).

¶42 To resolve the conflict between statutory language regarding permissible and prohibited exclusions, we turn to the test laid out in Wis. Stat. § 632.32(5)(e). First, we look to

18

see if the exclusion is prohibited under subsection (6). If a prohibition applies, the exclusion is barred. Second, if no prohibition in subsection (6) applies, then we look to see if any other law bars the exclusion. If neither prevents the exclusion, it is permissible.

¶43 Here, the inquiry stops after the first step of the test. Wisconsin Stat. § 632.32(6)(d) provides that no policy may prohibit the stacking of the uninsured or underinsured motorist coverage on up to three vehicles. It states:

> No policy may provide that, regardless of the number of policies involved, vehicles involved, persons covered, claims made, vehicles or premiums shown on the policy, or premiums paid, the limits for any uninsured motorist coverage or underinsured motorist coverage under the policy may not be added to the limits for similar coverage applying to other motor vehicles to determine the limit of insurance coverage available for bodily injury or death suffered by a person in any one accident except that a policy may limit the number of motor vehicles for which the limits for coverage may be added to 3 vehicles.

Wis. Stat. § 632.32(6)(d). Thus, pursuant to the prohibition on anti-stacking clauses in Wis. Stat. § 632.32(6)(d), State Farm could not use the drive-other-car exclusion to prevent the Beldings from stacking the uninsured motorist coverage in their Mercury Villager policy onto the uninsured motorist coverage in their Ford Ranger policy.

V

¶44 In sum, we review the drive-other-car exclusion permitted by Wis. Stat. § 632.32(5)(j) in context. We apply the test set forth in Wis. Stat. § 632.32(5)(e) that harmonizes the

19

exclusion with the prohibition on anti-stacking clauses in Wis. Stat. § 632.32(6)(d). This legislative test allows policies to contain coverage exclusions if they are not prohibited by Wis. Stat. § 632.32(6) or other law.

¶45 Applying this legislative test, we conclude that pursuant to the prohibition on anti-stacking clauses in Wis. Stat. § 632.32(6)(d), State Farm cannot use the drive-other-car exclusion in the Mercury Villager policy to prevent the Beldings from stacking the uninsured motorist coverage of up to three vehicles owned and insured by them. This conclusion is supported by both our precedent and by legislative history. Additionally, we are guided by well-established canons of statutory construction.

¶46 Accordingly, we affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.