**2021 WI App 76**

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:         2020AP1062

---

Complete Title of Case:


> **JACEK SALACHNA,**
>
> **PLAINTIFF-RESPONDENT,**
>
> **V.**
>
> **EDGEBROOK RADIOLOGY, G & T ORTHOPAEDICS, G & U ORTHOPAEDICS, LLC, GEORGE RANDICE, M. D., RAND MEDICAL CENTER, STAT ANESTHESIA SPECIALISTS, LTD. AND ILLINOIS NEUROSPINE INSTITUTE,**
>
> **DEFENDANTS,**
>
> **MARTEN TRANSPORT, LTD. AND SHEM DAVID WARK,**
>
> **DEFENDANTS-APPELLANTS.**

---

| | |
|---|---|
| Opinion Filed: | October 12, 2021 |
| Submitted on Briefs: | April 14, 2021 |
| Oral Argument: | |

---

| | |
|---|---|
| JUDGES: | Donald, P.J., Dugan and White, JJ. |
| Concurred: | |
| Dissented: | |

---

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendants-appellants, the cause was submitted on the brief of *Donald H. Carlson, Eric D. Carlson*, and *Andrew C. Goldner* of *Crivello Carlson, S.C.* of Milwaukee. |

Respondent  
ATTORNEYS:        On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James P. Scoptur* of *Aiken & Scoptur, S.C.* of Brookfield.

2021 WI App 76

**COURT OF APPEALS
DECISION
DATED AND FILED**

**October 12, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.  2020AP1062**

**STATE OF WISCONSIN**

Cir. Ct. No. 2020CV1040

**IN COURT OF APPEALS**

---

JACEK SALACHNA,

  PLAINTIFF-RESPONDENT,

 V.

EDGEBROOK RADIOLOGY, G & T ORTHOPAEDICS, G & U
ORTHOPAEDICS, LLC, GEORGE RANDICE, M. D., RAND MEDICAL
CENTER, STAT ANESTHESIA SPECIALISTS, LTD. AND ILLINOIS
NEUROSPINE INSTITUTE,

  DEFENDANTS,

MARTEN TRANSPORT, LTD. AND SHEM DAVID WARK,

  DEFENDANTS-APPELLANTS.

---

APPEAL from an order of the circuit court for Milwaukee County:
JEFFREY A. CONEN, Judge.  *Reversed and cause remanded for further
proceedings.*

Before Donald, P.J., Dugan and White, JJ.

¶1     DONALD, P.J.  Marten Transport, Ltd. and Shem David Wark appeal from a nonfinal order denying their motion to change venue from Milwaukee County to Barron County.[1]  Marten and Wark assert that Barron County was the proper venue pursuant to WIS. STAT. § 801.50(2), and that the circuit court erred by finding that it could keep the case in Milwaukee County pursuant to WIS. STAT. § 801.52.  As discussed below, we agree and therefore reverse the circuit court's order and remand for the circuit court to grant the motion to change venue to Barron County.

## BACKGROUND

¶2     On February 6, 2020, Jacek Salachna filed a claim in Milwaukee County against Marten, Wark, and multiple subrogated parties.  According to the complaint, on March 8, 2017, Wark, who was employed by Marten, operated a semi-truck in a parking lot in Barron County.  As Wark backed up his semi-truck, it collided with Salachna's semi-truck.  Due to the collision, Salachna alleged that he fell out of the sleeper bunk in his semi-truck, which caused him to sustain multiple injuries.  Salachna claimed that Wark was negligent in his operation of the semi-truck and that Marten, as Wark's employer, was liable for this negligence.

¶3     Marten filed a motion to change venue to Barron County, which Wark joined.  Marten argued that it did not do substantial business in Milwaukee County, thus, the proper venue was in Barron County, where the accident took place.  In addition, Marten argued that Barron County would be more convenient for the law

---

[1] This court granted leave to appeal the order.  *See* WIS. STAT. § 808.03(2) (2019-20).  All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

enforcement officers who responded to the accident, Wark, who was a resident of Idaho, and the representatives of Marten who were located in Buffalo County.

¶4      In response, Salachna argued that Milwaukee County was the proper venue because Marten did substantial business there or, alternatively, because Salachna's choice of venue as the plaintiff should not be disturbed.  In addition, Salachna, a resident of Illinois, argued that Milwaukee County was more convenient for him and also the majority of the subrogated parties who were based in Illinois.[2]

¶5      On May 27, 2020, a hearing was held on the motion to change venue. At the hearing, Salachna argued that even if venue was not proper under WIS. STAT. § 801.50(2), the court had discretionary power under WIS. STAT. § 801.52 to change venue to Milwaukee County based on the convenience of the witnesses.

¶6      Initially, the circuit court rejected Salachna's argument.  The court stated that "before we even get to the convenience part, you got to get through the venue statute, [WIS. STAT. §] 801.50(2)[.]"  The court stated that if Salachna was correct, then "people could be bringing lawsuits anywhere that they choose to bring them."  Thus, the court stated that "I think you have to get through [§] 801.50(2) before we even get to [WIS. STAT. §] 801.52, and you don't even get there."

¶7      However, after inquiring into the anticipated witnesses at trial, the circuit court flipped its position.  The court held that the case should remain in Milwaukee County because "a majority of the witnesses are going to be in this general area."  The court stated that Marten "does not do substantial business in Milwaukee County, but under [WIS. STAT. §] 801.52 that discretionary change of

---

[2] Only one of the subrogated parties, Dr. George Radich, responded to the motion to change venue.  Dr. Radich filed a letter stating that he did not take a position on the motion.

venue would make sense down here due to the convenience of all of the parties." Subsequently, the circuit court entered a written order denying the motion to change venue.

¶8      Marten and Wark petitioned for leave to appeal, which we granted.

## DISCUSSION

¶9      As in the circuit court, at issue on appeal is whether a plaintiff must comply with the requirements for venue in WIS. STAT. § 801.50(2) to commence a civil action, or if a plaintiff may file an action in any county and request that the circuit court exercise its discretion under WIS. STAT. § 801.52 to keep the case. This presents an issue of statutory interpretation, which is a question of law that we review *de novo*. ***Otterstatter v. City of Watertown***, 2017 WI App 76, ¶20, 378 Wis. 2d 697, 904 N.W.2d 396.

¶10      When interpreting a statute, we start with the language of the statute. ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the words of a statute is plain, we stop our inquiry and apply the words chosen by the legislature. ***Id.*** "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes[.]" ***Id.***, ¶46.

¶11     WISCONSIN STAT. § 801.50 governs venue in civil actions. Section 801.50 provides in relevant part:

> (2) Except as otherwise provided by statute, venue in civil actions or special proceedings *shall be as follows*:
>
> (a) In the county where the claim arose;

(b) In the county where the real or tangible personal property, or some part thereof, which is the subject of the claim, is situated;

(c) In the county where a defendant resides or does substantial business; or

(d) If the provisions under par. (a) to (c) do not apply, then venue *shall be* in any county designated by the plaintiff.

....

(6) Venue under this section may be changed under [WIS. STAT. §] 801.52.

(Emphasis added.)

¶12 WISCONSIN STAT. § 801.52, titled "Discretionary change of venue," provides that a "court may at any time, upon its own motion, the motion of a party or the stipulation of the parties, change the venue to any county in the interest of justice or for the convenience of the parties or witnesses[.]"

¶13 Here, it is undisputed that the accident in this case arose in Barron County. Accordingly, venue was proper in Barron County, not Milwaukee County.[3] *See* WIS. STAT. § 801.50(2)(a). The circuit court, however, ultimately concluded that even though venue was not proper, it had the discretion to keep the case in Milwaukee County under WIS. STAT. § 801.52. We disagree.

¶14 First, the plain language of WIS. STAT. § 801.50(2) expressly states that venue "shall be" in the county where the claim arose, in the county where the personal property that is the subject of the claim is situated, or in the county where the defendant resides or does substantial business. If those conditions do not apply, then venue "shall be" in any county designated by the plaintiff. Generally, "the

---

[3] On appeal, Salachna does not challenge the circuit court's finding that Marten did not do substantial business in Milwaukee County. *See* WIS. STAT. § 801.50(2)(c).

5

word 'shall' is presumed mandatory when it appears in a statute." ***Karow v. Milwaukee Cnty. Civil Serv. Comm'n***, 82 Wis. 2d 565, 570, 263 N.W.2d 214 (1978). Thus, the use of "shall" indicates that compliance with WIS. STAT. § 801.50(2) is mandatory, not discretionary.

¶15 Second, WIS. STAT. § 801.50(6) states that venue "may be changed under section [WIS. STAT. §] 801.52." This reflects that § 801.52 does not come into play until after venue is established. Once venue is established under § 801.50(2), it may then be changed under § 801.52. *See **State ex rel. Kalal***, 271 Wis. 2d 633, ¶46.

¶16 Third, WIS. STAT. § 801.52 states that a court may "change the venue to any county[.]" It does not say that a court may "grant venue in any county." We are bound by the plain language and we will not read words into statutes. *See **Dawson v. Town of Jackson***, 2011 WI 77, ¶42, 336 Wis. 2d 318, 801 N.W.2d 316.

¶17 Salachna points to a habeas corpus case, ***State ex rel. Rupinski v. Smith***, 2007 WI App 4, 297 Wis. 2d 749, 728 N.W.2d 1, for the proposition that the circuit court could use its discretionary power under WIS. STAT. § 801.52 to change venue to Milwaukee County. ***Rupinski***, however, is distinguishable.

¶18 In ***Rupinski***, the plaintiff filed a habeas corpus petition in Milwaukee County, where he was convicted, sentenced, and later ordered to return to prison. *Id.*, ¶¶2, 4, 7, 9. The State argued that venue was improper because the plaintiff was incarcerated in Winnebago County. *Id.*, ¶12 n.3. However, the proper venue for a habeas corpus petition shall be in the county "[w]here the plaintiff was convicted or sentenced if the action seeks relief from a judgment of conviction or sentence under which the plaintiff's liberty is restrained" *or* "[w]here the liberty of the plaintiff is restrained if the action seeks relief concerning any other matter relating to a restraint

on the liberty of the plaintiff." *See* WIS. STAT. § 801.50(4). Thus, in ***Rupinski***, unlike in this case, both Milwaukee County and Winnebago County were the proper venues. ***Rupinski*** does not address a situation where a claim was filed in a county where venue was not proper.

¶19 Finally, it is well-established that statutory interpretations that render provisions meaningless should be avoided and statutes should be interpreted to avoid absurd or unreasonable results. ***Belding v. Demoulin***, 2014 WI 8, ¶17, 352 Wis. 2d 359, 843 N.W.2d 373; ***State ex rel. Kalal***, 271 Wis. 2d 633, ¶46. Construing the statutes to allow the plaintiff to bring a claim in any county would render WIS. STAT. § 801.50 meaningless. There would be no point to the conditions set forth § 801.50(2)(a)-(c).

¶20 Thus, the circuit court here erred when it denied the motion to change venue. Based on the plain language of the statutes, a plaintiff must first comply with the requirements for venue in WIS. STAT. § 801.50(2). If venue is proper, only then may a circuit court exercise it discretion under WIS. STAT. § 801.52 to change venue to another county. Accordingly, because venue was not proper in Milwaukee County, the circuit court erred when it applied § 801.52 to keep the case in Milwaukee County. We, therefore, reverse the circuit court's order and remand for the circuit court to grant the motion to change venue to Barron County.[4]

*By the Court.*—Order reversed and cause remanded for further proceedings.

---

[4] Because we conclude that the circuit court erred by applying WIS. STAT. § 801.52, we do not address the parties' arguments regarding whether Milwaukee County is a "more convenient venue" under § 801.52. *See **State v. Blalock***, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground[.]").

7